Samuel RISTAGNO, Sr., Petitioner,

v.

UNITED STATES of America, Respondent.

Civil Action No. 3:00–CV–1010.

United States District Court, M.D. Pennsylvania.

Feb. 20, 2001.

Samuel Ristagno, Sr., proceeding, pro se.

John C. Gurganus, A.U.S.A., Scranton, PA, for defendant.

### MEMORANDUM AND ORDER

CONABOY, District Judge.

Pending before the Court is a motion for habeas corpus relief filed on June 5, 2000 by Petitioner pursuant to 28 U.S.C. § 2255 along with a "Memorandum of Law" in support of his motion to vacate his sentence.[1] (Doc. 114). The Petitioner claims ineffective assistance of counsel, prosecutorial misconduct, and sentencing errors based on misinterpretations of the United States Sentencing Guidelines. The Government failed to file a response. In addition, the Petitioner filed an "Amended (informal) Brief" on December 29, 2000 (Doc. 116) in which he claims that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, makes his sentence improper. For the reasons set forth *infra,* we shall deny the Petitioner's habeas corpus motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 1990, the Petitioner was arrested following a drug investigation conducted by the Federal Bureau of Investigation, the Pennsylvania Attorney General's Office, the Pennsylvania State Police, and the Wilkes–Barre Drug Task Force. (Doc. 79). The Petitioner was charged with one count of conspiracy to distribute cocaine and fourteen substantive counts of cocaine distribution and/or possession with intent to distribute cocaine. *Id.* at p. 8.

On February 6, 1991, the United States filed a motion for an arrest warrant and revocation of the Petitioner's pre-trial release based upon the investigation of the

1. This motion follows a similar motion filed May 28, 1997 (Doc. 71). In our Memorandum and Order filed March 24, 1998 we granted the Petitioner's motion to the extent that we vacated the sentence and reimposed the same sentence. (Doc. 91).

Petitioner's involvement with the distribution of drugs subsequent to his arrest. *Id.* at pp. 8–9. A bail revocation hearing was held on February 7, 1991 at which time this Court concluded that Ristagno engaged in criminal conduct in violation of the terms of his bail. (Doc. 77, p. 76).

On the day that the Petitioner was scheduled to go to trial, he indicated his desire to plead guilty to the charges listed in the indictment. A hearing was held in which the Petitioner changed his plea[2] to guilty and the Court ordered the United States Probation Office to prepare a presentence investigation report ("PSI") in preparation for sentencing. (Doc. 79, p. 10). The PSI was prepared and Ristagno objected to the conclusions made by the United States Probation Office.

This Court conducted a sentencing hearing on October 9, 1991 at which time Ristagno placed his objections on the record.

We determined that the conclusions reached by the United States Probation Office, in many of the paragraphs (in the Probation Office's Report) objected to were valid, and overruled the Petitioner's objections. At the same time, several of the Petitioner's objections were sustained and the Court made it clear that several of the paragraphs were not relied upon when arriving at the sentence.[3] The Petitioner was sentenced to a 235[4] month term of incarceration to be followed by a four year term of supervised release. The petitioner did not appeal the imposition of this sentence. *Id.* at p. 11. At sentencing, this Court failed to inform Ristagno of his right to appeal.[5] Via our Memorandum and Order of March 24, 1998 (Doc. 91), this Court vacated Petitioner's sentence and reimposed on the Petitioner the same sentence of 235 months of confinement to be followed by a four year term of supervised release. The sentence was subject to all of

---

**2.** Petitioner pled guilty to the following: 21 U.S.C. 846, Conspiracy to Distribute Cocaine–Class B (1 count) maximum period of incarceration 40 years; 21 U.S.C. 841(a)(1), Distribution of Cocaine–Class C (10 counts) maximum period of incarceration 20 years; 21 U.S.C. 841(a)(1) & 18 U.S.C. 2, Aiding and Abetting in the Distribution of Cocaine–Class C (3 counts) maximum period of incarceration 20 years; and 21 U.S.C. 841(a)(1), Possession With Intent to Distribute Cocaine–Class C (1 count) maximum period of incarceration 20 years.

**3.** E.g.:
"I find in relation to your objections to paragraph 25...that I will not rely on anything in that paragraph in arriving at any sentence or any reduction or enhancement of the sentence suggested." (Doc. 39 p. 118).
and
"In relation to paragraph 79, which...refers to rather an upward departure, that I do not intend to impose an upward departure in this case and so I will resolve that in favor of the defendant...." (*Id.* P. 119).

**4.** The bottom end of the sentencing guideline of 235 to 293 months and below the pre-

scribed statutory maximum of forty years (480 months).

**5.** At the time of the Petitioner's sentencing, Federal Rule of Criminal Procedure 32(a)(2) read as follows:

(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

For further discussion on this see the March 24, 1998 Memorandum and Order of this Court. (Doc. 91, pp. 4–7).

the terms and conditions imposed in the original sentence imposed on October 9, 1991. Also addressed in our March 24, 1998 Memorandum and Order were Petitioner's ineffectiveness of counsel claim, 6th Amendment right to confront accusers claim, improper sentencing calculation claim, obstruction of justice claim, and acceptance of responsibility/reduction in sentence claim. (*See* Doc. 91).

## DISCUSSION

This is the kind of case that gives us pause regarding 28 U.S.C. § 2255 limitations under the new Act.

We pause because the Petitioner did file a prior 28 U.S.C. § 2255 claim which we granted and set aside the prior sentence allowing him to be resentenced to an identical term as the original. In the course of doing that we explored the merits of his numerous arguments and determined them to be meritless. As such, we think that this is a second 28 U.S.C. § 2255 petition and therefore improper. We think that the Petitioner did exhaust his right to appeal this sentence but in an abundance of caution we will address his petition again and frequently refer back to the first petition (Doc. 71) and our Memorandum and Order of March 24, 1998. (Doc. 91).

Further, the Petitioner claims that his sentencing is affected by the recent case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. We find that it is not. Notwithstanding the Petitioner's improper attempt to amend his motion via an informal letter addressed to the Court, again, in an abundance of caution we will analyze the merits of this claim. (Doc. 116).

## A. INEFFECTIVENESS CLAIM

The Petitioner contends that his counsel was ineffective. This claim was raised in Petitioner's prior habeas corpus motion

(Doc. 91) where it was reviewed and dismissed by this Court. Because our prior review of this claim is more than adequate we find it unnecessary to restate it here. (*See* Doc. 91, pp. 7–12). Obviously, the Petitioner has a difference of opinion, but in light of his failure to cite any changes in the law or relevant cases, revisiting this issue is not warranted.

## B. PROSECUTORIAL MISCONDUCT CLAIM

█ Petitioner claims in his brief that the government committed "[g]ross [p]rosecutorial [m]isconduct, when coercing Petitioner to [p]lea [g]uilty" because the Petitioner was promised that if he cooperated with the government that he would receive sentencing and post sentencing consideration. Namely, Petitioner was asked to reveal his sources of supply of cocaine and information about his tip that he was being investigated by authorities. Notwithstanding Petitioner's viewpoint, this claim is meritless.

Petitioner admits in his brief that he did not cooperate with the authorities and that he received no benefit or additional consideration from the government. Petitioner cites no relevant authority to support this claim. Petitioner does cite *U.S. v. Carrara*, 49 F.3d 105, 107 (3d Cir.1995) (holding, defendant's filing of false affidavit relieved government of its obligation under plea agreement to seek downward departure from Sentencing Guidelines range on ground of substantial cooperation, *et al.*). Based on the reasoning in *Carrara*, the government did not act in bad faith or improperly when it refused to request a downward departure in the Petitioner's sentence because the Petitioner refused to cooperate.

## C. IMPROPER SENTENCING CLAIM

The Petitioner claims that the reasoning used by this Court to enhance his base

offense level was wrong. This identical issue was raised in the Petitioner's prior habeas corpus motion (Doc. 91) where it was reviewed and dismissed by this Court. Because our prior review of this claim is more than adequate we find it unnecessary to restate it here. (*See* Doc. 91, pp. 14–22). Obviously, the Petitioner has a difference of opinion, but in light of his failure to cite any changes in the law or relevant cases, revisiting this issue is not warranted.

## D. *APPRENDI CLAIM*

Assuming the Petitioner's "Amended (informal) Brief" (Doc. 116) filed on December 29, 2000, is proper, it still fails.

The Petitioner correctly states in his "Amended (informal) Brief" (Doc. 116) that his sentence was calculated based on the Court's use of facts presented at sentencing by the government and determined by a preponderance of the evidence. The Petitioner claims that this is improper in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. Since the *Apprendi* decision last year, this District has seen many filings from inmates seeking reconsideration of their sentences, however the holding in *Apprendi* is narrow. The Petitioner's argument for applying *Apprendi* in his case is not much more than wishful thinking. Recently, the Third Circuit case of *U.S. v. David Williams*, CV–99–5431, slip op. (D.N.J., Dec. 21, 2000), defined the parameters of *Apprendi*. In *Williams*, the Appellant, Williams entered into a plea agreement with the government after being charged with numerous counts of conspiracy to distribute heroin. He was sentenced following a plea hearing. At the plea hearing the parties stipulated to the amount of heroin involved and the judge used this amount to determine the base offense level. Williams was subsequently sentenced to 85 months—within the sentencing guideline range of 70 to 87 months.

Williams appealed in light of *Apprendi*. The Court in *Williams* looked at two issues in deciding whether to apply *Apprendi*: 1) whether the Supreme Court intended *Apprendi* to apply to cases in which the trial judge decides a fact that increases a defendant's sentence under the Sentencing Guidelines, but the sentence imposed does not exceed the statutory maximum; and 2) whether the Supreme Court intended *Apprendi* to apply to cases in which judicial fact finding increases the possible sentence to be received above the statutory maximum, but the actual sentence is below the statutory maximum. The *Williams* Court answered "no" to both of these questions and therefore declined to apply *Apprendi*.

In *Williams*, the District Court at the sentencing hearing found that the amount of drugs attributed to Williams increased his base level offense from level 25 to level 28, thereby creating a sentencing range of 70 to 87 months. The District Court in *Williams* sentenced him to 85 months. The Court in *Williams* found that because the sentence did not exceed the statutory maximum, it was a permissible exercise of discretion on behalf of the District Court and based on the first issue set forth, *supra*, *Apprendi* does not apply.

In the second issue, the Court found that *Apprendi* did not apply to the *Williams* case because,

"[d]espite the ambiguity in *Apprendi*, we hold that it does not apply to Williams' sentence for several reasons. First and foremost, though the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that *Apprendi* is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month) was well under the original statutory maximum of 20 years.

Second, this 20 year maximum sentence was confirmed several times in the course of Williams' plea and sentence. The plea agreement specified that the statutory 'statutory maximum penalty' for Williams' violation was 20 years imprisonment. The District Court confirmed at the plea hearing that Williams understood that he 'could receive up to 20 years in prison.' Williams' application to enter a guilty plea states that he understood that the maximum punishment under the law for his offense was 20 years in prison...."

*U.S. v. David Williams,* CV–99–5431, slip op. (D.N.J., Dec. 21, 2000) (pp. 10–11).

■ The case before us is similar to *Williams* with respect to sentencing. Under the first guideline of the *Williams* test, we find that *Apprendi* does not apply. The statutory maximum that Petitioner could receive was up to 40 years, depending on the charge. The sentencing guidelines reflected a sentence of 235 to 293 months (19.6 to 24.4 years). The Petitioner's actual sentence was 235 months (19.6 years). (Doc. 39, pp. 127).

Under the second guideline of the *Williams* test, we find that *Apprendi* also does not apply. The *Williams* Court found that *Apprendi* does not apply when judicial fact finding does increase the possible sentence to be received but the actual sentence is below the statutory maximum. As stated above, the statutory maximum for the most serious charges is 40 years. The Petitioner received less than one half of that time, thereby making *Apprendi* inapplicable.

■ Finally, we cannot apply *Apprendi* retroactively with no definitive directive from the Supreme Court to do so.

### CONCLUSION

It is questionable whether this action is a second § 2255 petition or a successive § 2255 petition because the Petitioner was resentenced and the merits were addressed in our Memorandum and Order of March 24, 1998. (Doc. 91). Another aberration-outside of whether this is a proper § 2255 petition or not-is that six months after filing this petition the Petitioner submitted Document No. 116 via U.S. Mail as an "amendment" which raises *Apprendi v. New Jersey.* In an effort to put this case to rest and in proper perspective more than ten years from its inception, we revisited the Petitioner's issues, including the alleged ineffective assistance of counsel claim, alleged government misconduct, and the alleged sentencing miscalculations, in addition to the new *Apprendi* claim.

Apart from the Petitioner's procedural errors, we visited the merits of this case, found them meritless and addressed them in our March 24, 1998 Memorandum and Order with the exception of the *Apprendi* issue. (*See* Doc. 91).

Therefore, based upon our review and for the foregoing reasons, we deny Petitioner's § 2255 motion to vacate his sentence and his amendment. (Docs.114, 116).

### ORDER

NOW, this 20th DAY of FEBRUARY, 2001, it is hereby ORDERED that:

1. The Petitioner's motion for habeas corpus relief (Doc. 114) is DENIED.

2. The Petitioner's *Apprendi* claim (Doc. 116) is DENIED.

2. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

3. This petition is dismissed with prejudice, and any appeal from it will be deemed frivolous.

4. The Clerk of Court is directed to close this case.